UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22438-CIV-KING

INTERNATIONAL SALES GROUP, LLC and
J.O.S. REALTY CO.
d/b/a TIR SALES AND MARKETING,

    Plaintiffs,

vs.

MCZ / CENTRUM FLORIDA III OWNER, LLC
and MCZ / CENTRUM FLORIDA XVIII, LLC,

    Defendants.
_____/

## MCZ / CENTRUM FLORIDA XVIII, LLC'S ANSWER TO COUNTS I AND III, AFFIRMATIVE DEFENSES, AND COUNTER-CLAIM

Defendant MCZ / Centrum Florida XVIII ("MCZ")[1], in response to the correspondingly numbered general allegations and those of Counts I and III of the complaint[2], admits, denies, and alleges as follows:

### General Allegations

1. Admits that plaintiffs claim damages in excess of $15,000; otherwise denies.

2. Without knowledge.

3. Admits that defendant is and was an owner and developer of residential condominium developments; otherwise denies.

---

[1] MCZ / Centrum Florida XVIII is the successor by merger to MCZ / Centrum Florida III Owner.

[2] We file contemporaneously with this Answer an amended motion to dismiss counts II and IV and a memorandum of law in support thereof.

4. Admits the existence of the agreement attached as exhibit 1 and admits that it was signed by a representative of defendant; otherwise denies.

5. Denies.

6. Denies.

7. Admits that it sent to plaintiffs the letter which is attached as exhibit 2 to the complaint; otherwise denies.

8. Admits that it sent to plaintiffs the letter which is attached as exhibit 3 to the complaint; otherwise denies.

9. Denies.

10. Denies.

11. Without knowledge.

### Count I

12. Reasserts its responses to paragraphs 1-11.

13. Admits.

14. Denies.

15. Denies.

### Count III

19. Reasserts its responses to paragraphs 1-11.

20. Denies.

21. Denies.

### Affirmative Defenses

1. Plaintiffs committed a material breach of the agreement, discharging defendant of any contractual liability, because they failed to perform and comply with their duties thereunder, as set forth in greater detail in the counter-claim below.

2. Plaintiffs abandoned the agreement(s).

Wherefore, defendant demands that plaintiffs take nothing as to Counts I and III.

### Counts II and IV

These counts fail to state a cause of action for the reasons set forth in the motion to dismiss and supporting memorandum of law served contemporaneously herewith.

### Counter-claim

Defendant MCZ / Centrum Florida XVIII, LLC ("MCZ") sues plaintiffs International Sales Group, LLC and J.O.S. Realty Co. d/b/a Tir Sales and Marketing and states:

1. In late 2005 and early 2006, plaintiffs were retained to promote, sell, and advise as to sales at the Parc Central condominium development in Miami-Dade County, Florida. They were retained because they held themselves out as possessing specialized knowledge of the Miami-Dade condo market, its pricing points, and competitive developments. Plaintiffs had a duty to provide these services in good faith, with competence, and consistent with industry standards and with the financial objectives of MCZ.

2. Plaintiffs advised and consulted with defendant regarding the sales price schedule, or "pricing matrix", for units at the Parc Central.

3

3. Plaintiffs developed a scheme to create the impression that their efforts resulted in sales of units consistent with the financial objectives of the defendant for the project. However, plaintiffs offered the most desirable units to bulk purchasers at reduced prices in order to generate a high volume of sales, while increasing the offering price for the remaining units. They did this to create the false impression that the financial objectives of the project would be met despite the price reduction on bulk sales.

4. Unaware of plaintiffs' manipulations of the pricing matrix, MCZ agreed to sell the units to bulk purchasers at the reduced prices plaintiffs had offered the buyers.

5. However, despite plaintiffs' purported superior knowledge of the marketplace and in breach of their contractual duties, they manipulated offering prices for the remaining units inconsistent with market value, realistic expectations of sale prices, and contrary to MCZ's financial objectives.

6. As a result, MCZ had to reduce substantially the prices for the remaining units in order to sell those units, resulting in losses to defendant in excess of $75,000.

7. MCZ has retained the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

8. All conditions precedent to the relief demanded have accrued or have been performed, waived, or are otherwise excused.

Wherefore, MCZ demands judgment against plaintiffs for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

Dated: October 19, 2006.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following party: Harris J. Buchbinder, Esq., Buchbinder & Elegant, P.A., Attorneys for Plaintiffs, 46 S.W. First St., Fourth Floor, Miami, FL 33130.

    Respectfully submitted,

    HOLLAND & KNIGHT LLP
    *Attorneys for MCZ / Centrum Florida XVIII*
    701 Brickell Avenue, Suite 3000
    Miami, Florida 33130
    Telephone: (305) 374-8500
    Fax: (305) 789-7799

    By: s/ Robert T. Watson
        James. D. Wing
        Florida Bar No. 195537
        james.wing@hklaw.com
        Robert T. Watson
        Florida Bar No. 679429
        robert.watson@hklaw.com

# 4120151_v1