UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22438-CIV-KING

INTERNATIONAL SALES GROUP, LLC and
J.O.S. REALTY CO.
d/b/a TIR SALES AND MARKETING,

    Plaintiffs,

vs.

MCZ / CENTRUM FLORIDA III OWNER, LLC
and MCZ / CENTRUM FLORIDA XVIII, LLC,

    Defendants.
_____/

## MCZ / CENTRUM FLORIDA XVIII, LLC'S AMENDED ANSWER TO COUNTS I AND III, AFFIRMATIVE DEFENSES, AND COUNTER-CLAIMS

Defendant MCZ / Centrum Florida XVIII ("MCZ")[1], in response to the correspondingly numbered general allegations and those of Counts I and III of the complaint[2], admits, denies, and alleges as follows:

### General Allegations

1. Admits that plaintiffs claim damages in excess of $15,000; otherwise denies.

2. Without knowledge.

3. Admits that defendant is and was an owner and developer of residential condominium developments; otherwise denies.

---

[1] MCZ / Centrum Florida XVIII is the successor by merger to MCZ / Centrum Florida III Owner.

[2] On November 3, 2006, this Court granted the Joint Motion and Stipulation for Dismissal of counts II and IV.

4. Admits the existence of the agreement attached as exhibit 1 and admits that it was signed by a representative of defendant; otherwise denies.

5. Denies.

6. Denies.

7. Admits that it sent to plaintiffs the letter which is attached as exhibit 2 to the complaint; otherwise denies.

8. Admits that it sent to plaintiffs the letter which is attached as exhibit 3 to the complaint; otherwise denies.

9. Denies.

10. Denies.

11. Without knowledge.

## Count I

12. Reasserts its responses to paragraphs 1-11.

13. Admits.

14. Denies.

15. Denies.

## Count III

19. Reasserts its responses to paragraphs 1-11.

20. Denies.

21. Denies.

## Affirmative Defenses to Both Counts

1. Plaintiffs committed a material breach of the agreement, discharging defendant of any contractual liability, because they failed to perform and comply with their duties thereunder, as set forth in greater detail in the counterclaims below.

2. Plaintiffs' claims are barred because they abandoned the agreement(s).

3. Plaintiffs' fraudulent conduct, as set forth in greater detail in the counterclaims below, bars plaintiffs' claims.

4. Plaintiffs breached their duty of good faith in the performance of their contractual duties.

Wherefore, defendant demands that plaintiffs take nothing as to Counts I and III.

## COUNTERCLAIMS

### Counterclaims as to ISG

### General Allegations

Defendant MCZ / Centrum Florida XVIII, LLC ("MCZ") sues plaintiff International Sales Group, LLC ("ISG") and states:

1. At some point in late 2005, MCZ and ISG entered into a written agreement regarding brokerage, sales, and marketing services related to the Sian project, attached as Exhibit 1 to the complaint ("Agreement").

2. Pursuant to the Agreement, ISG began in October 2005 to perform services for MCZ.

Case 1:06-cv-22438-JLK Document 6 Entered on FLSD Docket 11/07/2006 Page 4 of 9
Case No. 06-22438-CIV-KING

3. Without the knowledge or consent of MCZ, ISG and its agents made oral promises to prospective buyers of Sian units that ISG would find subsequent buyers for the contracts, so that the initial buyers would never have to close.

4. With the market downturn and consequent inability to "flip" their properties, many buyers who received such promises have refused to close, brought claims against MCZ, or are otherwise seeking to break their purchase contracts.

5. MCZ has retained the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

6. All conditions precedent to the relief demanded have accrued or have been performed, waived, or are otherwise excused.

### Count I: Breach of Contract

7. Paragraphs one through six are incorporated by reference as if set forth herein.

8. The representations by ISG described in paragraph three were breaches of multiple provisions of the Agreement, including the responsibility to manage sales agents (section 3), the requirement that ISG's agents and employees not knowingly make any misrepresentation to any prospective or actual purchaser or any other party (section 11.4), and the prohibition against consenting to the assignment or other pre-closing transfer of any purchaser's interest in any sales contract (section 19).

9. ISG's breaches of the Agreement have caused damages to MCZ.

Wherefore, MCZ demands judgment against ISG for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

### Count II: Contractual Indemnity

10. Paragraphs one through six are incorporated by reference as if set forth herein.

11. The Agreement contains an indemnification provision, section 15, in which ISG agreed "to indemnify, defend and hold harmless MCZ ... against any and all claims ... arising from, growing out of or in connection with [ISG's] negligence, gross negligence or willful misconduct in performing the Services or obligations of [ISG] under [the] Agreement."

12. Claims arising from, growing out of, or in connection with ISG's negligent, grossly negligent, or willful misconduct, including that described in paragraph three, have resulted in loss or damages to MCZ.

Wherefore, MCZ demands judgment requiring ISG to indemnify, defend, and hold harmless MCZ against the third-party claims described above and in default thereof for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

## Counterclaims as to J.O.S. Realty Co.

Defendant MCZ / Centrum Florida XVIII, LLC ("MCZ") sues plaintiff J.O.S. Realty Co. d/b/a TIR Sales and Marketing ("TIR") and states:

## Count I: Breach of Contract

13. At some point in late 2005, MCZ and TIR entered into an implied-in-fact contract regarding brokerage, sales, and marketing services related to the Parc Central project, such contract resulting from the parties' tacit understanding, as inferred from their conduct and other circumstances.

14. TIR's contractual duties included the responsibility to manage TIR's sales agents and that TIR's agents and employees not knowingly make any misrepresentation to any prospective or actual purchaser.

15. TIR began in late 2005 to perform services for MCZ.

16. Without the knowledge or consent of MCZ, TIR and its agents made oral promises to prospective buyers of Parc Central units that TIR would find subsequent buyers for the contracts, so that the initial buyers would never have to close.

17. TIR breached the implied-in-fact contract with MCZ through its conduct and that of its employees and agents, including that described in paragraph 16.

18. With the market downturn and consequent inability to "flip" their properties, many buyers who received such promises have refused to close, brought claims against MCZ, or are otherwise seeking to break their purchase contracts.

19. TIR's breaches of the Agreement have caused damages to MCZ.

20. MCZ has retained the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

21. All conditions precedent to the relief demanded have accrued or have been performed, waived, or are otherwise excused.

Wherefore, MCZ demands judgment against TIR for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

### Count II: Common Law Indemnity

22. Paragraphs 15 and 16-21 are incorporated by reference as if set forth herein.

23. Claims arising from, growing out of, or in connection with TIR's misconduct, including that described in paragraph 16, have resulted in loss or damages to MCZ.

24. But for TIR's misconduct, MCZ would not face said loss or damages.

25. TIR is wholly at fault for said loss or damages.

Wherefore, MCZ demands judgment requiring TIR to indemnify, defend, and hold harmless MCZ against the third-party claims described above and in default thereof for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

### Count III: Tortuous Conduct

26. In late 2005, TIR was retained to promote, sell, and advise as to sales at the Parc Central condominium development in Miami-Dade County, Florida.

27. TIR was retained because it held itself out as possessing specialized knowledge of the Miami-Dade condo market, its pricing points, and competitive developments.

28. TIR had a duty to provide these services in good faith, with competence, and consistent with industry standards and with the financial objectives of MCZ.

29. TIR advised and consulted with MCZ regarding the sales price schedule, or "pricing matrix", for units at the Parc Central.

30. TIR developed a scheme to create the impression that its efforts resulted in sales of units consistent with the financial objectives of MCZ for the project. However, TIR offered the most desirable units to bulk purchasers at reduced prices in order to generate a high volume of sales, while increasing on the pricing matrix the offering price for the remaining units. It did this to create the false impression

that the financial objectives of the project would be met despite the price reduction on bulk sales.

31. Unaware of TIR's manipulations of the pricing matrix, MCZ agreed to sell the units to bulk purchasers at the reduced prices TIR had offered the buyers.

32. However, despite TIR's purported superior knowledge of the marketplace and in breach of its duties, it manipulated offering prices for the remaining units inconsistent with market value, realistic expectations of sale prices, and contrary to MCZ's financial objectives.

33. As a result, MCZ had to reduce substantially the prices for the remaining units in order to sell those units, resulting in losses to defendant in excess of $75,000.

34. MCZ has retained the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

35. All conditions precedent to the relief demanded have accrued or have been performed, waived, or are otherwise excused.

Wherefore, MCZ demands judgment against TIR for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

## Count IV: Fraud/Fraudulent Misrepresentation

36. Paragraphs 22 and 25-31 are incorporated by reference as if set forth herein.

37. Through its actions, including those described in paragraph 26, TIR knowingly made a false statement concerning a material fact.

38. TIR intended that its false statements induce MCZ to rely on them.

39. MCZ relied on TIR's representations to its detriment and consequent injury.

Wherefore, MCZ demands judgment against TIR for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

Dated: November 7, 2006.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following party: Harris J. Buchbinder, Esq., Buchbinder & Elegant, P.A., Attorneys for Plaintiffs, 46 S.W. First St., Fourth Floor, Miami, FL 33130.

> Respectfully submitted,
>
> HOLLAND & KNIGHT LLP
> *Attorneys for MCZ / Centrum Florida XVIII*
> 701 Brickell Avenue, Suite 3000
> Miami, Florida 33130
> Telephone: (305) 374-8500
> Fax: (305) 789-7799
>
> By: s/ Robert T. Watson
> James. D. Wing
> Florida Bar No. 195537
> james.wing@hklaw.com
> Robert T. Watson
> Florida Bar No. 679429
> robert.watson@hklaw.com

# 4169599_v1