UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22438-CIV-KING

INTERNATIONAL SALES GROUP, LLC and
J.O.S. REALTY CO.
d/b/a TIR SALES AND MARKETING,

       Plaintiffs,

vs.

MCZ / CENTRUM FLORIDA III OWNER, LLC,
MCZ / CENTRUM FLORIDA XVIII, LLC, and
MCZ / CENTRUM FLORIDA VI OWNER, LLC,

       Defendants.

_____/

### MCZ / CENTRUM FLORIDA XVIII, LLC
### AND MCZ / CENTRUM FLORIDA VI OWNER, LLC'S
### ANSWER TO AMENDED COMPLAINT,
### AFFIRMATIVE DEFENSES, AND COUNTER-CLAIMS

Defendants MCZ / Centrum Florida XVIII, LLC and MCZ / Centrum Florida VI Owner, LLC ("MCZ" or "Defendants")[1], in response to the correspondingly numbered general allegations and those of Counts I - IV of the Amended Complaint [D.E. 20], admit, deny, and allege as follows:

### General Allegations

1. Admit that plaintiffs claim damages in excess of $75,000; otherwise deny.

2. Without knowledge.

---

[1] MCZ / Centrum Florida XVIII is the successor by merger to MCZ / Centrum Florida III Owner.

3.  Admit that defendants are and were owners and developers of residential condominium developments; otherwise deny.

4.  Admit the existence of the agreement attached as exhibit 1 and admit that it was signed by a representative of defendant MCZ / Centrum Florida XVIII; otherwise deny.

5.  Deny.

6.  Deny.

7.  Defendant MCZ / Centrum Florida XVIII admits that it sent to plaintiffs the letter which is attached as exhibit 2 to the complaint; otherwise Defendants deny.

8.  Defendant MCZ / Centrum Florida XVIII admits that it sent to plaintiffs the letter which is attached as exhibit 3 to the complaint; otherwise Defendants deny.

9.  Deny.

10. Without knowledge.

### Count I

11. Repeat their responses to paragraphs 1-10.

12. Admit.

13. Deny.

14. Deny.

15. Deny.

### Count II

16. Repeat their responses to paragraphs 1-10.

17. Deny.

## Count III

18. Repeat their responses to paragraphs 1-10.

19. Deny.

## Count IV

20. Repeat their responses to paragraphs 1-10.

21. Deny.

22. Deny.

## Affirmative Defenses to all Counts

1. Plaintiffs committed a material breach of the alleged agreement(s), discharging Defendant(s) of any contractual liability, because they failed to perform and comply with their duties thereunder, including as set forth in greater detail below.

2. Plaintiffs' claims are barred because they abandoned the alleged agreement(s).

3. Plaintiffs' fraudulent conduct, as set forth in greater detail below, bars Plaintiffs' claims.

4. Plaintiffs breached their duty of good faith in the performance of their contractual duties.

Wherefore, Defendants demands that Plaintiffs take nothing as to Counts I - IV.

## COUNTERCLAIM

Defendants MCZ / Centrum Florida XVIII, LLC ("XVIII") and MCZ / Centrum Florida VI Owner, LLC ("VI")(collectively, "MCZ" or "Defendants") sue plaintiffs International Sales Group, LLC ("ISG") and J.O.S. Realty Co. d/b/a TIR Sales and Marketing ("TIR") (collectively, "Plaintiffs") and state:

### Count I: Breach of Contract (Sian – 4001)

1. At some point in late 2005, XVIII and Plaintiffs entered into a written agreement regarding brokerage, sales, and marketing services related to the Sian (4001) project, attached as Exhibit 1 to the Amended Complaint ("Agreement").

2. Pursuant to the Agreement, Plaintiffs began in October 2005 to perform services for XVIII.

3. XVIII paid commissions to Plaintiffs for certain units for which purported purchasers entered into purchase agreements.

4. Many of those purported purchasers defaulted on their purchase agreements and never closed on the units they committed to purchase.

5. The Agreement provides: "In the event of an uncured Purchaser Default … Broker shall not be entitled to any commission for said transaction nor be entitled to receive any portion of the retained deposits and Broker shall provide Owner with a credit against future commissions due to Broker hereunder in the full amount of the commission paid by Owner for said defaulted transaction, or, if no future commissions are due, Broker shall return any commissions paid for such defaulted transactions." (Agreement at Exhibit E, section D)

6. There are no future commissions due Plaintiffs from XVIII or, alternatively, the amount of the credit due to XVIII by Plaintiffs exceeds any commissions due.

7. Plaintiffs therefore owe XVIII for unearned commissions they have already been paid.

8. XVIII has retained the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

9. All conditions precedent to the relief demanded have accrued or have been performed, waived, or are otherwise excused.

10. Plaintiffs have breached the Agreement by failing to make payment to XVIII.

11. Plaintiffs' breaches of the Agreement have caused damages to XVIII.

Wherefore, XVIII demands judgment against Plaintiffs for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

### **Count II: Tortious Conduct**

12. In late 2005, Plaintiffs were retained by VI to promote, sell, and advise as to sales at the Parc Central condominium development in Miami-Dade County, Florida.

13. Plaintiffs were retained because they held themselves out as possessing specialized knowledge of the Miami-Dade condo market, its pricing points, and competitive developments.

14. Plaintiffs had a duty to provide these services in good faith, with competence, and consistent with industry standards and with the financial objectives of VI.

15. Plaintiffs advised and consulted with VI regarding the sales price schedule, or "pricing matrix", for units at the Parc Central.

16. Plaintiffs developed a scheme to create the impression that its efforts resulted in sales of units consistent with the financial objectives of VI for the project. However, Plaintiffs offered the most desirable units to bulk purchasers at reduced prices in order to generate a high volume of sales, while increasing on the pricing matrix the offering price for the remaining units. It did this to create the false impression that the financial objectives of the project would be met despite the price reduction on bulk sales.

17. Unaware of Plaintiffs' manipulations of the pricing matrix, VI agreed to sell the units to bulk purchasers at the reduced prices Plaintiffs had offered the buyers.

18. However, despite Plaintiffs' purported superior knowledge of the marketplace and in breach of its duties, it manipulated offering prices for the remaining units inconsistent with market value, realistic expectations of sale prices, and contrary to VI's financial objectives.

19. As a result, VI had to reduce substantially the prices for the remaining units in order to sell those units, resulting in losses to VI in excess of $75,000.

20. VI has retained the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

21. All conditions precedent to the relief demanded have accrued or have been performed, waived, or are otherwise excused.

Wherefore, VI demands judgment against Plaintiffs for damages, interest, costs, attorneys' fees, and such other and further relief as may be appropriate.

### Count III: Fraud/Fraudulent Misrepresentation

22. VI repeats paragraphs 12 and 15-21.

23. Through their actions, including those described in paragraphs 16 and 18,

   Plaintiffs knowingly made a false statement concerning a material fact.

24. Plaintiffs intended that their false statements induce VI to rely on them.

25. VI relied on Plaintiffs' representations to its detriment and consequent injury.

Wherefore, VI demands judgment against Plaintiffs for damages, interest, costs,

attorneys' fees, and such other and further relief as may be appropriate.

Dated: March 15, 2007.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2007, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF which will send notification of such filing

to the following party: Harris J. Buchbinder, Esq., Buchbinder & Elegant, P.A., Attorneys for

Plaintiffs, 46 S.W. First St., Fourth Floor, Miami, FL 33130.

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for MCZ / Centrum Florida XVIII*
701 Brickell Avenue, Suite 3000
Miami, Florida 33130
Telephone: (305) 374-8500
Fax:  (305) 789-7799


By: s/ Robert T. Watson
     James. D. Wing
     Florida Bar No. 195537
     james.wing@hklaw.com
     Robert T. Watson
     Florida Bar No. 679429
     robert.watson@hklaw.com

# 4413037_v1